COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-339-CR*
  
  
CARL 
EDWARD LYONS, IV                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
I. INTRODUCTION
        Pursuant 
to a plea bargain, Carl Edward Lyons, IV (“Lyons”) pled guilty to the 
offense of possession of a controlled substance (cocaine) of one gram or more 
but less than four grams. The punishment was assessed by the trial court at 
five-years deferred adjudication. In a single point, Lyons complains that the 
trial court abused its discretion in overruling his motion to suppress evidence 
because the magistrate who signed the warrant accompanied the officers in 
executing the warrant and did more than observe. We affirm.
II. APPLICABLE LAW
        In 
regard to the search of a place, the United States Supreme Court has 
consistently favored the issuance of a warrant by a neutral and detached 
judicial officer as a more reliable safeguard against improper searches. See 
Lo-Ji Sales, Inc. v. New York, 442 U.S. 319, 326, 99 S. Ct. 2319, 2324 
(1979). The failure of the magistrate who issued the search warrant to act as a 
neutral and detached officer may justify the suppression of the evidence seized 
pursuant to the warrant. See, e.g., id. at 326-27, 99 S. Ct. at 2324-25. 
While participation of the issuing magistrate in the actual search of the place 
designated in the search warrant may well be indicative of a failure on the 
issuing magistrate’s part to fulfill his or her duty to remain a neutral and 
detached judicial officer, the magistrate’s presence at the execution of the 
warrant will not necessarily justify or mandate suppression of the items seized 
pursuant to that warrant, depending upon whether the magistrate’s conduct is 
more akin to that of a mere observer, as opposed to that of an adjunct member or 
leader of the law enforcement authorities who requested the warrant. See, 
e.g., id.; Bellamy v. State, 742 S.W.2d 677 (Tex. Crim. App. 1987).
        When 
reviewing a trial court's denial of a motion to suppress, we apply an abuse of 
discretion standard, giving almost total deference to the trial court's 
determination of historical facts, but then review the trial court's application 
of the law de novo. Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. 
App. 2002). Also, the trial court alone judges the credibility of the witnesses 
and the weight to be given their testimony. See Villareal v. State, 935 
S.W.2d 134, 138 (Tex. Crim. App. 1996). Consequently, “the appellate court 
must view the record evidence and all reasonable inferences therefrom in the 
light most favorable to the trial court’s ruling, and must sustain the trial 
court’s ruling if it is reasonably supported by the record.” Id.
III. EVIDENCE PRESENTED
        At 
the hearing on Lyons’s motion to suppress, the magistrate who issued the 
warrant testified that on September 24, 2002, he met members of the Northeast 
Tarrant County Drug Task Force (the “Task Force”) at the combination 
police/fire station for the City of Watauga as a result of a phone call from 
members of the Task Force. While the magistrate testified that he could not 
recall if the members identified any of the suspects of the investigation over 
the phone, the members did mention that cocaine was involved. The magistrate 
stated that upon arriving at the station, he reviewed the arrest warrant and 
supporting affidavit, determined that the affidavit established probable cause, 
and issued the warrant authorizing the search of 6604 Memory Lane.
        The 
magistrate admitted that after issuing the warrant, he was present during the 
Task Force’s pre-raid meeting and that Task Force members asked him if he 
would like to observe the raid. The magistrate testified that he agreed to 
accompany the Task Force because he wanted not only to see whether the raid was 
conducted in a professional and appropriate manner, but also to see how the 
persons who were the subject of the raid were treated. The magistrate testified 
that he followed the officers to 6604 Memory Lane in his own vehicle.
        Once 
the caravan arrived, the magistrate remained in his vehicle while the Task Force 
members entered the residence. According to the magistrate, he entered the 
residence only after one of the uniformed officers made a motion to indicate 
that the scene had been secured and after receiving assurances from a sergeant 
in the front yard that it would be appropriate for him to enter. The magistrate 
testified that upon entering the residence, he noticed officers with suspects in 
the living room, observed officers searching a bedroom, and asked a couple of 
questions of one of the Task Force members before leaving. He went on to testify 
that he did not direct the Task Force members, that he kept his hands in his 
pockets so as to touch nothing within the residence, and that he did not 
actually observe the seizure of any evidence. While the magistrate could not be 
certain of the exact amount of time he was in the residence, he estimated that 
it was between two and three minutes and was certain it was no longer than five 
minutes.
        On 
the other hand, Lyons testified that the magistrate had been in the residence 
much longer than five minutes and that the magistrate had not left the residence 
by the time the Task Force members transferred him from the residence to the 
police car. After Lyons testified and both sides presented their arguments, the 
trial court denied Lyons’s motion concluding that the magistrate’s presence 
may have been “improper,” but that the evidence that was presented at the 
hearing showed that the magistrate acted as a mere observer and not as a 
participant in the search.
        On 
appeal, Lyons argues that the contradicting testimony regarding the time the 
magistrate spent in the residence produced “a question of whether the 
magistrate was acting as a participant or observer,” and that we “should 
reverse this cause because the magistrate did not act in a neutral manner 
regarding the [warrant] he signed.” We disagree.
IV. Conclusion
        At 
most, the evidence shows that the magistrate was present as an observer at the 
execution of the search warrant. Moreover, regardless of the contradicting 
evidence regarding the time the magistrate stayed in the residence, there is no 
evidence that the magistrate was directing the search or was acting as an 
“adjunct law enforcement officer.” Lo-Ji Sales, 442 U.S. at 
326-27, 99 S. Ct. at 2324-25; Bellamy, 742 S.W.2d 677. Therefore, the 
trial court did not abuse its discretion in overruling Lyons’s motion to 
suppress. We overrule Lyons’s sole point and affirm the trial court’s 
judgment.
  
  
                                                                  BOB 
MCCOY
                                                                  JUSTICE
  
  
PANEL 
F:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
LIVINGSTON, 
J. filed a concurring opinion.
 
PUBLISH
 
DELIVERED: 
September 30, 2004

 
COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-339-CR
  
  
CARL 
EDWARD LYONS, IV                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
CONCURRING OPINION
 
------------
        I 
join in the result the majority reaches. I write separately only to state that 
since appellant’s sole point on appeal challenges the trial court’s denial 
of his motion to suppress, what happened after the warrant was approved has 
little significance. His complaint is that the “magistrate did not act in a 
neutral manner regarding the search and arrest warrant he signed.” Because the 
allegedly nonneutral act—the magistrate observing the raid and 
arrest—occurred after the magistrate had read and reviewed the 
affidavit and signed the warrant, there can be no meaningful challenge to his 
neutrality at the time he originally approved the warrant. See Lo-Ji Sales, 
Inc. v. New York, 442 U.S. 319, 326-28 & n.6, 99 S. Ct. 2319, 2324-25 
& n.6 (1979).
        Further, 
because the record does not show the trial court abused its discretion in 
overruling the motion to suppress, the trial court’s judgment should be 
affirmed. See Davis v. State, No. 02-02-00149-CR, 2004 WL 1746893, at *6 
(Tex. App.—Fort Worth, Aug. 5, 2004, no pet.) (op. on reh’g).
 
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
  
PUBLISH
 
DELIVERED: 
September 30, 2004

* MAJORITY OPINION BY JUSTICE MCCOY; CONCURRING OPINION BY 
JUSTICE LIVINGSTON